UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CR-0008 JD |
| | ) | |
| BRIAN KINNAMAN | ) | |

**OPINION AND ORDER**

On December 12, 2011, following a detention hearing that spanned two days, Magistrate Judge Christopher A. Nuechterlein ordered the Defendant, Brian Kinnaman, detained. On January 24, 2012, Mr. Kinnaman waived his right to prosecution by indictment and entered a plea of guilty to Count 1 on the Information before the magistrate judge, which plea the magistrate judge recommended that the Court accept. Then, on February 6, 2012, Mr. Kinnaman moved for reconsideration and rehearing of the December 12, 2011 detention order. On February 16, 2012, the Court held a hearing, at which it accepted Mr. Kinnaman's guilty plea and heard argument relative to whether Mr. Kinnaman posed a risk of flight or a danger to any other person or the community. Other than proffers made by the defense counsel during the course of the hearing, the evidentiary record before this Court is identical to what was before the magistrate judge.

This Court conducts its review of the magistrate judge's detention order consistent with 18 U.S.C. § 3145(b). This Court's review of the order is *de novo* and must be supported by its own finding of facts and reasons for its decision. *See* 8 C.J.S. *Bail* § 99 (2010); *U.S. v. Jimenez*, 628 F.Supp. 808, 809 (N.D.Ill. 1986). At the time of the magistrate judge's detention order, the burden was on the Government to justify detention by proving either that the Defendant was a

1

flight risk or by clear and convincing evidence that he was a danger to any other person or the community. 18 U.S.C. § 3142(e), (f); *United States v. Levine*, 770 F.Supp. 460, 465 (N.D.Ind. 1991). However, now that he has pleaded guilty and the Court has accepted that plea and found him guilty, Mr. Kinnaman is no longer seeking release pending trial under § 3142 but rather release pending *sentence* under § 3143(a). This change reverses the presumption and the burden, which is now on Mr. Kinnaman to demonstrate by clear and convincing evidence that he is *not* a flight risk or a danger to others or the community. 18 U.S.C. § 3143(a)(1).

Reviewing the transcript of the detention hearing before the magistrate judge, the Court agrees with Judge Nuechterlein's original conclusion that the government had met its burden under § 3142(e) and shown by clear and convincing evidence "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In light of this evidence, the Court cannot conclude that Mr. Kinnaman "is not likely to flee or pose a danger to the safety of any other person or the community if released." In reaching this conclusion, the Court has considered the following factors, outlined in the statute:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
> > (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> > (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
> (4) the nature and seriousness of the danger to any person or the community that

would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

To begin, the Court notes that the Defendant was indicted as being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1). In fact, thirteen firearms were seized during a search of defendant's residence, one of which appears to be a semi-automatic rifle. As such, with reference to the first factor of this Court's analysis, the Defendant's alleged crime is one that involves a firearm. 18 U.S.C. § 3142(g)(1). Second, relative to the weight of the evidence against the Defendant, the Court notes that Mr. Kinnaman has now been convicted of the crime with which he was charged. Third, in terms of Mr. Kinnaman's history and characteristics, the Court notes that he has a non-trivial criminal history, including three felonies, one of which was at least marginally a crime of violence. Moreover, the Court notes that Mr. Kinnaman has previously had probation revoked, which reflects poorly on the prospects for compliance with any conditions of release the Court might set. Finally, and most significantly, the Court notes the ample evidence that Mr. Kinnaman is a risk to his wife and her daughter, notwithstanding his wife's testimony at the previous detention hearings. The video statement (as well as the prior police report) reveals that while Mrs. Kinnaman supports her husband, she is afraid he might harm her or her daughter, especially when he is under the influence of alcohol. Those fears are reasonable: Mr. Kinnaman's alcohol abuse is documented in the evidence before the Court, as are his volatile temper and ready access to firearms, which he was able to acquire despite a

previous felony conviction. While the Court could prohibit alcohol or other substance abuse and detect non-compliance over the long run, it has no way of completely preventing Mr. Kinnaman from consuming alcohol or obtaining firearms and thus putting his wife in danger.

For the aforementioned reasons, this Court concludes that pre-sentence detention is appropriate for the Defendant in this case. The motion for reconsideration is DENIED.

SO ORDERED.

ENTERED:  February 17, 2012

/s/ JON E. DEGUILIO
Judge
United States District Court